UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MIGUEL RICO,           ) | |
|     Plaintiff,        ) | |
| ) | |
| v.                    ) | Case No. 1:25-cv-1038-SEM-DJQ |
| ) | |
| JOHN DOE,              ) | |
|     Defendant.       ) | |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Miguel Rico has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, which is now before the Court for screening. Also pending before the Court are two Motions (Docs. 7, 9) filed by Plaintiff.

## I. SCREENING STANDARD

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to

state a claim. 28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal cause of action.

In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. FACTS ALLEGED

Plaintiff Miguel Rico is incarcerated at Pontiac Correctional Center ("Pontiac").  He lists as the Defendant "John Doe (Illinois Department of Corrections)."  The Complaint also lists nine other Plaintiffs by name and prison identification number, all of whom are also incarcerated at Pontiac.  However, the Complaint was signed only by Plaintiff Rico, not by any of the other Plaintiffs.

Federal Rule of Civil Procedure 11(a) requires that any pleading, written motion, or other paper filed on behalf of any unrepresented party must be signed by that party.  In a case

involving multiple *pro se* plaintiffs, one plaintiff cannot sign on behalf of other *pro se* plaintiffs. *See* 28 U.S.C. § 1654; *see also Abdul-Wadood v. DeBruyn*, 89 F.3d 838 (7th Cir. June 26, 1996) (unpublished); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Therefore, this case proceeds only as to Plaintiff Rico, and all remaining references to Plaintiff refer only to Miguel Rico.

Plaintiff alleges that he previously had access to over 110 television channels at Pontiac. However, Doe Defendant allegedly changed to a new cable company and now Plaintiff and others at Pontiac have access to only 59 channels. Plaintiff alleges that the current channels do not have helpful or educational programming. He also alleges that the new cable company offers more than 59 channels, so Pontiac should be offering those additional channels. Plaintiff complains that no one provided him with an explanation for the change.

Plaintiff alleges the foregoing decision to reduce the number of television channels violates his First Amendment right to freedom of speech as well as his Eighth Amendment right not to be subjected to cruel and unusual punishment.

### III. ANALYSIS

Upon review of the allegations in the Complaint, Plaintiff has failed to state a claim for relief.

First, Plaintiff has failed to state an Eighth Amendment claim for cruel and unusual punishment. The Eighth Amendment is concerned with "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Inmates cannot expect the amenities, conveniences and services of a good hotel[.]" *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). Access to more than 59 cable television channels is plainly an amenity rather than a necessity of life.

Next, the Court turns to Plaintiff's allegation of a First Amendment violation. The First Amendment generally prevents the government from proscribing speech based on disapproval of the ideas expressed. *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382 (1992).

> "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier,* 417 U.S. 817, 822 (1974). *See also Bell v. Wolfish,* 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ("our cases have held that sentenced prisoners enjoy freedom of speech and religion under the First and Fourteenth Amendments"); *Kleindienst v. Mandel,* 408 U.S. 753, 762, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972) ("[T]he

Constitution protects the rights to receive information and ideas.") (further citations omitted).

*Thomas v. Leslie*, 176 F.3d 489 (unpublished), 1999 WL 281416, at *7 (7th Cir. Apr. 21, 1999).

In that context, Courts have recognized the right of prisoners to read newspapers and books. *Id.* (collecting cases); *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). Similarly, video games and movies are forms of expression protected by the First Amendment, even in correctional facilities. *Brown v. Phillips*, 801 F.3d 849, 854-55 (7th Cir. 2015); *see also Brown v. Entertainment Merchants Ass'n*, 564 U.S. 786, 790 (2011) (First Amendment protections are applied to "ever-advancing technology," and "the basic principles of freedom of speech and the press…do not vary when a new and different medium for communication appears" (internal quotations omitted)).

Therefore, a prison's limitation on access to materials that communicate ideas and information "presents a substantial First Amendment issue." *Munson*, 673 F.3d at 633.

> [T]he Supreme Court has held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner* [*v. Safley*], 482 U.S. [78,] 89, 107 S.Ct. 2254

>[(1987)]. To determine reasonableness, the Court must consider four factors: whether the regulation is rationally connected to a legitimate and neutral government objective; whether alternative means of exercising the right remain open to the inmate; what impact accommodation of the asserted right will have on guards and other inmates; and whether there are obvious alternatives to the regulation that show that it is an exaggerated response to prison concerns. *Lindell v. Frank,* 377 F.3d 655, 657 (7th Cir. 2004) (citing *Turner,* 482 U.S. at 89–91, 107 S.Ct. 2254). "The burden … is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." *Overton* [*v. Bazzetta*], 539 U.S. [126,] 132, 123 S.Ct. 2162 [(2003)].

*Koger v. Dart,* 114 F.Supp.3d 572, 578 (N.D. Ill. July 6, 2015).

However, in the instant case Plaintiff's Complaint does not contain any allegation that there is a prison regulation or restriction in place. Rather than any government proscription or censorship, Plaintiff simply alleges that the prison changed cable providers and the new channel offerings do not match the prior offerings. While Plaintiff characterizes the new channel offerings as "not helpful" (*sic*), he has not plausibly alleged that the change in offerings was due to any prison policy of censorship designed to prohibit certain ideas, information, or viewpoints.

Therefore, Plaintiff has failed to state a First Amendment claim.

## IV. OTHER MOTIONS

Plaintiff has also filed a Motion to Revisit Previous Motion (Doc. 7) and a Motion for Identity of Case (Doc. 9).

In the first Motion (Doc. 7), Plaintiff indicates that he already filed a motion for *in forma pauperis* status and states that he could not provide a trust fund ledger. The Court granted Plaintiff's Petition to Proceed *in forma pauperis* (Doc. 5) in a Text Order entered February 27, 2025. Therefore, Plaintiff's Motion (Doc. 7) asking the Court to revisit or review his IFP Petition is moot.

The Court cannot discern what Plaintiff is requesting in his second Motion (Doc. 9). The substance of the Motion reads, in its entirety (errors in original):

> Plaintiff ask this Court for identity of this case because was not give a document of complaint but rather the front page. Plaintiff is not able to know which case is who because of not knowing the case but a case number instead.

The Court speculates that Plaintiff may have received only a file-stamped copy of the first page of his Complaint in this case. Therefore, while he knows that he has filed a Complaint with the instant case number, he may have other cases pending and does not know which case was assigned this case number.

Plaintiff will receive a copy of this Merit Review Order, which should clarify his confusion about which facts and allegations are contained in the Complaint assigned this case number. Plaintiff's Motion (Doc. 9) is moot, with leave to file a renewed motion if this Order does not provide Plaintiff with the clarification he was seeking.

**IT IS THEREFORE ORDERED:**

**1)   Plaintiff's Complaint [1] is dismissed, without prejudice, for failure to state a claim.**

**2)   Plaintiff's Motions [7], [9] are MOOT.**

**3)   Plaintiff is granted leave to file an amended complaint, within 21 days. If Plaintiff does not file an amended complaint by that date, or if the amended complaint still fails to state a claim, then this case will be dismissed with prejudice.**

ENTERED May 16, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE